AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America<br>v.<br>Tyrone Lane | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:13mj-452 |

*Defendant(s)*

FILED
13 OCT 10 PM 3:13
MICHAEL R. MERZ
UNITED STATES
MAGISTRATE JUDGE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **Jan. 10, 2013 to Jan. 29, 2013** in the county of **Montgomery** in the
**Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §2422(b) | Coercion and Enticement (of a minor) |
| 18 U.S.C. §2252(a)(2) & (b)(1) | Receipt of Child Pornography |
| 18 U.S.C. §2252(a)(4)(B) & (b)(2) | Possession of Child Pornography |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

SA Andrea R. Kinzig, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 10, 2013

City and state: Dayton, Ohio

*Judge's signature*

Michael R. Merz
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Andrea R. Kinzig, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been so employed since 2005. I am currently assigned to the Dayton, Ohio Resident Agency of the Cincinnati Field Office. In connection with my official duties, I investigate violations of federal criminal laws, including offenses involving child exploitation and child pornography.

2. Along with other agents and officers of the FBI and Ohio Department of Rehabilitation and Corrections, I am currently involved in an investigation of child exploitation offenses by **TYRONE LANE** (hereinafter referred to as "**LANE**"). Based on the investigation conducted to-date, there is probable cause to believe that **LANE** committed offenses involving possession of child pornography, in violation of Title 18, United States Code, Sections 2252(a)(4) (B) and (b)(2); receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1); and coercion and enticement, in violation of Title 18, United States Code, Section 2422(b). I submit this Affidavit in support of a criminal complaint.

3. As part of the investigation, I have reviewed documentation and reports provided by and discussed information with other agents and officers involved in the investigation. For purposes of this Affidavit, I have not distinguished between information of which I have direct knowledge and that of which I have hearsay knowledge.

4. This Affidavit does not contain every fact known to the investigation, but only those deemed necessary to demonstrate sufficient probable cause that **LANE** committed the offenses alleged in the complaint.

## FACTS SUPPORTING PROBABLE CAUSE

5. Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) states that it is a violation for any person to knowingly possess, or knowingly access with the intent to view, one or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer if the producing of such visual

1

depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, or attempts or conspires to do so.

6. Title 18, United States Code, Section 2252(a)(2) and (b)(1) states that it is a violation for any person to knowingly receive or distribute any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, shipped, or transported in or affecting interstate or foreign commerce or which contains materials which have been mailed or so shipped or transported by any means, including by computer, or to knowingly reproduce any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, or attempts or conspires to do so.

7. Title 18, United States Code, Section 2422(b) states that it is a violation for any person to use the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempt to do so.

8. For purposes of these statutes, the term "sexually explicit conduct" is defined in Title 18, United States Code, Section 2256(2)(A) as:

    a. "Actual or simulated –

        i. Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
        ii. Bestiality;
        iii. Masturbation;
        iv. Sadistic or masochistic abuse; or
        v. Lascivious exhibition of genitals or pubic area of any person."

9. Ohio Revised Code Section 2907.04(A) – Unlawful Sexual Conduct with a Minor – states that it is a violation for any person who is eighteen years of age or older to engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

10. Ohio Revised Code Section 2907.06(A)(4) – Sexual Imposition – states that it is a violation for any person to have sexual contact with another, not the spouse of the

2

offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more persons to have sexual contact when any of the following applies: . . . (4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such person.

11. The Ohio Revised Code 2907.01 provides the following definitions with respect to the above noted statutes:
    a. "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
    b. "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
    c. "Minor" means a person under the age of eighteen.

12. Indiana Code Section 35-42-4-9 – Sexual Misconduct with a Minor – states that it is a violation for (a) a person at least 18 years of age who, with a child at least 14 years of age but less than 16 years of age, to perform or submit to sexual intercourse or deviate sexual conduct; and (b) a person at least 18 years of age who, with a child at least 14 years of age but less than 16 years of age, to perform or submit to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person.

## FACTS SUPPORTING PROBABLE CAUSE

13. In August 2001, **LANE** was convicted in the Greene County (Ohio) Common Pleas Court of one count of felony importuning and was sentenced to five years of community control. In November 2002, **LANE** was convicted in the Ashtabula County (Ohio) Common Pleas Court of two counts of rape of a child less than 13 years old and was sentenced to ten years imprisonment. On or around March 11, 2012, he was released from prison and placed on parole, under the supervision of the Ohio Department of Rehabilitation and Corrections. As part of the conditions of his parole, **LANE** was prohibited from having any unsupervised contact with anyone under the age of 18. The conditions of his parole also authorized parole officers to conduct random searches of **LANE**'s residence and computer media.

3

14. On January 29, 2013, Parole Officer (PO) Monika Hampton and PO Mike Beatty of the Ohio Department of Rehabilitation and Corrections conducted a random home visit of **LANE**'s residence in Dayton, Ohio. PO Hampton searched **LANE**'s cellular telephone and found that he had accessed the "PlentyofFish" Internet website, which is a free online dating website. When asked about who he was communicating with, **LANE** first responded that he was communicating with a 21-year old male who will be referred to for the purposes of this Affidavit as "MINOR MALE A". When further questioned, **LANE** advised that MINOR MALE A first said that he was 21 years old but later said that he was 15 years old. **LANE** admitted that he continued to communicate with MINOR MALE A after learning that MINOR MALE A was only 15 years old. **LANE** was thereafter arrested for violating the conditions of his parole – namely, for having unsupervised contact with anyone under the age of 18 – and transported to the Montgomery County (Ohio) Jail.

15. PO Hampton indentified MINOR MALE A's telephone number and telephonically contacted him and his father. MINOR MALE A told PO Hampton (among other things) that he was 14 years old, resided in Indiana, and had been communicating with **LANE** via text messages and e-mail communications.

16. PO Hampton further examined **LANE**'s cellular telephone at the Miami Valley Regional Computer Forensic Laboratory (MVRCFL). The address book of the telephone (as recovered from the examination) included MINOR MALE A's telephone number, e-mail address, and school class schedule. Email account information from the telephone indicated that **LANE** utilized the e-mail addresses of ty4you33@gmail.com, tytheguy68@gmail.com, and ty4you@ymail.com.

17. PO Hampton's examination of **LANE**'s cellular telephone also recovered numerous photographs of MINOR MALE A, three of which captured MINOR MALE A exposing his genitals. These three photographs had been deleted from the telephone, but multiple images of them were recovered from the deleted space of multiple locations on the telephone. File information indicated that each of them was saved at one time in a directory on the telephone. I have reviewed the three photographs, and based on my training and experience, I believe they all depict child pornography (as defined by Title 18, United States Code, Section 2256(8)(A)) in that they represent a lascivious exhibition of the genitals. Clothed and partially clothed photographs of at least two other teenage boys were recovered from **LANE**'s cellular telephone as well.

18. I further contacted MINOR MALE A to discuss his relationship with **LANE**. Information provided by MINOR MALE A included the following:

4

    a. MINOR MALE A confirmed that he met **LANE** on the PlentyofFish Internet website on or around January 10, 2013. However, MINOR MALE A advised that he told **LANE** that he was 16 years old on the first or second day they communicated, and that he never told **LANE** that he was 21 years old. According to MINOR MALE A, **LANE** asked MINOR MALE A to begin a relationship after they communicated for a few days. **LANE** agreed to the relationship, which he understood to mean a romantic relationship or dating.

    b. MINOR MALE A and **LANE** communicated on a daily basis via text messages and e-mail communications. MINOR MALE A could not recall **LANE**'s specific e-mail addresses but advised that one of them started with "TY4YOU". This partial e-mail address is consistent with information recovered from **LANE**'s cellular telephone indicating that his e-mail address was ty4you33@gmail.com. **LANE** and MINOR MALE A discussed meeting in person but never did so.

    c. During their communications, **LANE** asked MINOR MALE A to send photographs of himself to **LANE** on a daily basis. MINOR MALE A sent these photographs via e-mail. **LANE** also requested MINOR MALE A to send nude photographs on one occasion, and MINOR MALE A e-mailed **LANE** a number of nude photographs as well. I showed MINOR MALE A the images recovered from **LANE**'s cellular telephone in which MINOR MALE A's genitals were exposed. MINOR MALE A confirmed that (1) he was the individual in the photographs and (2) the photographs represented the ones he e-mailed to **LANE** at **LANE**'s direction and request.

    d. Around January 16, 2013, **LANE** sent MINOR MALE A the name of a phone-tracker application – GPS Phone Tracker Lite – and asked MINOR MALE A to download it onto the tablet MINOR MALE A used to communicate with **LANE**. **LANE** said that he wanted to know where MINOR MALE A was everyday, and this application would allow him to do so. MINOR MALE A downloaded the application, which installed a GPS tracking device on the tablet. **LANE** made comments on at least two occasions indicating that he was monitoring the tracking device.

    e. Around January 24, 2013, **LANE** made comments about wanting to join MINOR MALE A in the shower and engage in both oral sex and sexual intercourse with MINOR MALE A. MINOR MALE A became uncomfortable by these comments as well as his age difference with **LANE**. MINOR MALE A told **LANE** around the following day that he (MINOR MALE A) no longer wanted to communicate with **LANE**.

19. On February 26, 2013, a search warrant was authorized by the United States District Court for the Southern District of Ohio for information associated with ty4you33@gmail.com and tytheguy68@gmail.com that is stored at premises controlled

5

by Google, Inc. Google, Inc. provided records in response to the search warrant in May 2013. Records indentified that both email addresses were accounts in the name of **LANE**. Review of the email contents identified that **LANE**'s two accounts (ty4you33@gmail.com and tytheguy68@gmail.com) exchanged approximately 28 messages with two email addresses utilized by MINOR MALE A. In these messages, **LANE** and MINOR MALE A engaged in general communications as well as exchanged photographs of each other. Two of the messages sent from MINOR MALE A's email account to **LANE**'s account had a photograph attached depicting child pornography (as defined by Title 18, United States Code, Section 2256(8)(A)) in that it represented a lascivious display of MINOR MALE A's genitalia. The same image was attached to both messages, and this image was one of the three images depicting child pornography recovered from **LANE**'s cellular telephone. One of the email messages is described as follows:

  a. On January 13, 2013, MINOR MALE A sent **LANE** an email to the email address tytheguy68@gmail.com. The subject line of this message was "pic :)". The message contained within the body of the email was: "its in attachments.. i tried best i can with the cam.. wasnt easy **** :)"[1]. Attached to the email message was an image file with the file name d2.jpg. This image file depicted MINOR MALE A standing in a room, captured from the waist up and naked from the waist up. MINOR MALE A was exposing an erect penis.

20. Based on review of **LANE**'s driver's license photograph and jail booking photographs, I recognized the individual in approximately seven of the photographs sent from the tytheguy68@gmail.com account to MINOR MALE A's accounts to be **LANE**. As noted above, messages from the ty4you33@gmail.com and tytheguy68@gmail.com accounts were recovered on **LANE**'s cellular telephone. Based on this information as well as MINOR MALE A's statements, I believe that **LANE** was the individual utilizing these email accounts.

21. Also recovered from **LANE**'s email communications was the message in which LANE sent MINOR MALE A the phone tracking application. The email was sent on January 16, 2013, from the ty4you33@gmail.com account.

22. Based on (1) the recovery of the two email messages depicting child pornography, (2) MINOR MALE A's statements about sending the images at **LANE**'s request, and (3) the images recovered from the cellular telephone, I believe that **LANE** knowingly received and possessed child pornography. I also believe that **LANE** was coercing and enticing MINOR MALE A to produce child pornography.

---

[1] Minor Male A's name has been omitted to protect his identity.

6

23. As noted above, MINOR MALE A reported that he and **LANE** had a romantic or dating relationship, and that **LANE** requested to engage in sexual intercourse and oral sexual activities with MINOR MALE A. Based on MINOR MALE A's statements and other information noted in this Affidavit, I believe that **LANE** was attempting to coerce and entice MINOR MALE A to engage in illegal sexual activities. Based on both **LANE**'s and MINOR MALE A's statements, **LANE** was aware that MINOR MALE A was less than 16 years old. As such, **LANE** engaging in a sexual relationship with MINOR MALE A would constitute felony offenses in both the state of Ohio (that being Unlawful Sexual Conduct with a Minor and Sexual Imposition) and the state of Indiana (that being Sexual Misconduct with a Minor).

## CONCLUSION

24. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that between on or about January 10, 2013 and January 25, 2013, **TYRONE LANE** used the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, to knowingly persuade, induce, entice, or coerce an individual who had not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempted to do so, in violation of Title 18, United States Code, Section 2422(b).

25. I further submit that there is probable cause to believe that on or about January 13, 2013, **TYRONE LANE**, in the Southern District of Ohio, knowingly received any visual depiction using any means or facility of interstate or foreign commerce that has been mailed, shipped and transported in or affecting interstate or foreign commerce, by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct, or attempted or conspired to do so, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

26. I further submit that there is probable cause to believe that between on or about January 10, 2013 and January 29, 2013, **TYRONE LANE**, in the Southern District of Ohio, did knowingly possess at least one matter which contains any visual depiction that has been mailed, shipped and transported using any means and facility of interstate or foreign commerce, including by computer; and the production of such visual depiction involved

7

the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduction, or attempted or conspired to do so, in violation of Title 18, United States Code, Section 2252(a)(4) (B) and (b)(2).

27. I therefore respectfully request that a criminal complaint be granted upon this Affidavit.

                                                              Andrea R. Kinzig
                                                              Special Agent, FBI

Subscribed and sworn to before me
This 10 th day of October, 2013

MICHAEL R. MERZ
United States Magistrate Judge

8